## WAKEMAN et al. v. SOMARINDYCK et al.

(Supreme Court, Appellate Division, Second Department. June 6, 1902.)

1. PARTNERSHIP—AGREEMENT—ACTION—COMPLAINT.

A complaint alleged that A., B., and C. entered into a "copartnership" agreement to engage in real estate speculations, whereby A. and B. were to use their discretion as to all investments, and C. was to furnish the necessary funds. The title to all property was to be taken in the name of C. in trust, and he was to be reimbursed out of the pro-

ceeds for advances made, with legal interest and expenses, the surplus to be paid to A. and B.; that under such agreement purchases and sales were made, and C. had been fully repaid, with interest and expenses, and had property so purchased remaining, and demanded that such property be declared to be held in trust for A. and B. *Held*, that the agreement did not create a partnership, though so termed in the complaint, and a partnership accounting was not necessary before the action could be brought.

2. RESULTING TRUST—ENFORCEMENT.

The defendant was liable, on proof of the facts alleged on the complaint, to account as trustee.

Appeal from special term, Queens county.

Action by Kate H. Wakeman and another against Anna Somarindyck and others. From a judgment dismissing the complaint as to the defendant Anna Somarindyck, plaintiffs appeal. Reversed.

This is a suit to establish a trust in favor of plaintiffs in an undivided one-half of the unsold portion of certain real estate known as the "Centreville Race Course," located in Queens county. The amended complaint was dismissed at the beginning of the trial on the ground that it failed to state a cause of action. The amended complaint alleged that in 1871 Abram Wakeman and John J. Latting were seised of the Centreville Race Course; that they then gave a mortgage upon said property for $15,000; that in the year 1875 "said Wakeman and said Latting entered into an agreement of copartnership with one John W. Somarindyck, whereby it was mutually understood and agreed that the parties thereto should engage in real estate speculations, the said Wakeman and said Latting to act as attorneys and agents under the said agreement, and to use their discretion and give their advice concerning the propriety of all investments, and said Somarindyck to furnish the requisite funds for such investments, the title to all of said property to be taken in the name of Somarindyck in trust for the benefit of Wakeman and Latting; and it was further understood and agreed by and between the parties thereto that said Somarindyck was to be reimbursed for his advancements in respect to all purchases either by cash repayments or by sale, all surplus arising upon such sale, after payment of all legal interest and expenses, to be turned over to said Wakeman and Latting, and upon such reimbursement the property to be conveyed to said Wakeman and Latting." It was further alleged that "under the terms of copartnership" above set forth an agreement was entered into by said Wakeman, Latting, Somarindyck, and the mortgagee whereby a friendly action to foreclose said mortgage was brought, and judgment of foreclosure entered therein, and a sale of the property ordered; that "in accordance with the said copartnership contract" Wakeman and Latting agreed with Somarindyck that upon the said foreclosure sale the property should be bought by Somarindyck for $16,000,—very much less than the value thereof,—but "should be held by him in trust for the said Wakeman and the said Latting as collateral security" for the payment to Somarindyck by Wakeman and Latting of the amount expended by Somarindyck to purchase said property, "and legal interest on said amount, and should be reconveyed to the said Wakeman and Latting, or their heirs or assigns, upon payment of said amount and interest," and in case of nonpayment thereof Somarindyck should have the right to sell said property, and to retain said amount and interest, but to return the surplus, if any, to Wakeman and Latting, or their heirs, assigns, or devisees; that in pursuance of such agreement the property was sold in foreclosure, and bid in by Latting, in the name of Somarindyck, for $16,000, and a referee's deed procured and recorded; that various transactions were had between Wakeman and Somarindyck under and in pursuance of such copartnership agreement, and said Somarindyck conveyed the property involved therein to said Wakeman and his successors in interest after the payment of the advances by him, with interest thereon; that in 1880 $5,000 was paid to Somarindyck on account of his claim, being an award in condemnation proceedings instituted by a railroad company,

which sum and interest should be credited to plaintiffs; that plaintiffs are the sole devisees under the will of said Wakeman, since deceased, and the defendants other than Somarindyck are the heirs at law of said Latting, since deceased; that in 1896 said Somarindyck died, leaving a last will and testament, which was duly probated, "and by virtue of which title to the said property hereinbefore mentioned vested in Anna Somarindyck, subject to the trust hereinbefore mentioned"; that in 1898 defendant Somarindyck conveyed a portion of said premises and received a consideration therefor largely in excess of $16,000; that since 1878 said defendant has rented said premises, the rents of which, less the taxes and assessments, should also be credited to plaintiffs; and that said Wakeman and Latting fully performed all the covenants on their part in said copartnership agreement contained. The amended complaint further alleged that a demand had been made upon defendant Somarindyck for an accounting for the difference between $16,000 and interest and the amount realized on the sale of a portion of the said property, with interest; and also for all rents and profits received, less taxes and expenditures; and also for $5,000, awarded in condemnation proceedings, with interest; and that she convey to plaintiffs an undivided one-half of the residue of said property. But defendant Somarindyck has refused to comply with said demand. Judgment was prayed for declaring that the residue of said property is held by defendant Somarindyck in trust one-half for plaintiffs and one-half for the other defendants, directing defendant Somarindyck to convey said property by deed accordingly, and directing said defendant to account to plaintiffs and the other defendants.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Henry Siegrist, Jr. (F. R. Minrath, on the brief), for appellants.
Henry L. Brant, for respondent.

WILLARD BARTLETT, J. The learned trial judge stated no reason for the dismissal of the complaint other than that it failed to set out a cause of action. According to the appellants' brief, however, the ground upon which they proceeded was that, inasmuch as the complaint alleged the agreement between the parties to be a copartnership agreement, no action could be brought thereon by the plaintiffs, as devisees of Abram Wakeman, until an accounting of the partnership affairs had been had; the real estate in the meantime retaining the character of personal property. This view was correct if the use of the term "copartnership" in the complaint is to be deemed conclusive as to the character of the contract. Where, however, as in the present case, the terms of the agreement are so fully stated as to negative the idea of a copartnership, it seems to me that the use of the phrase may be disregarded, and that the sufficiency of the complaint should be determined by a consideration of the true nature of the agreement itself, irrespective of the adjective by which the pleader has mistakenly characterized it. An examination of the complaint shows that the agreement of 1875 between Abram Wakeman and John J. Latting on the one side and John W. Somarindyck on the other did not constitute them partners at all. Somarindyck was only interested in the profits to the extent of reimbursement from Wakeman and Latting of the amount which he might expend in the purchase of real estate, together with interest on that amount. This was not sufficient to constitute him a partner. Cassidy v. Hall, 97 N. Y. 159, 168.

Nevertheless, the contract and the transactions had thereunder, as alleged in the complaint, appear to have entitled Abram Wakeman, and to entitle the plaintiffs, as his devisees, to some equitable relief, if the facts alleged shall be sustained by proper proof. Ryan v. Dox, 34 N. Y. 307, 90 Am. Dec. 696. In the case cited the defendant had undertaken to purchase certain real estate at a foreclosure sale for the benefit of the owner of the equity of redemption, and had thus acquired the property at a price very much below its true value. Under these circumstances such purchaser was held to be a trustee of the party for whom he promised to act in buying the land, and was compelled to convey it to the party for whom he really acted upon a tender of the purchase money and interest. I am unable to see why, under the rule thus applied, the respondent in the case at bar is not compellable, upon proof of the facts set out in this amended complaint, to account as trustee to the plaintiffs in the present action.

The judgment should be reversed, and the plaintiffs afforded an opportunity to try their case.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.