AL GREEN, Respondent, v. DAVID D. DONIGER, a New York Corporation, Appellant.

First Department, December 20, 1948.

*Milton E. Haft* of counsel (*Louis Niden* with him on the brief), for appellant.

*Stanley M. Riesner* of counsel (*Jacob M. Goldenkoff*, attorney), for respondent.

Peck, P. J.  Plaintiff sues for a bonus allegedly due under oral contracts of employment.  The third cause of action relates to employment for the year 1945; the fourth cause of action to employment for the year 1946.  Both causes of action allege substantially identical terms of employment, including the payment of salary, expenses and a bonus.  Plaintiff's bill of particulars, amplifying the complaint, shows that a written contract was entered into for each of the years in question and that said contracts made no provision for the payment of a bonus.  The contracts start with the recital that all accounts have been paid to date and close with the stipulation that: '' This constitutes the entire agreement and understanding between us and it may be terminated by either of us at any time upon thirty (30) days written notice to the other; and it shall not be considered modified, altered, changed or amended in any respect unless in writing and signed by both of us.''

Plaintiff seeks to avoid this clear provision of the contracts and to collect a bonus not contemplated by the contracts by alleging in his bill of particulars that in each of the two years involved, within a month after making the formal written arrangement, he advised the defendant that he intended to terminate the written contract pursuant to the termination clause contained therein, and that on both occasions defendant stated it would be unnecessary to terminate the contract pursuant to said clause but defendant would agree to abandon the contract and plaintiff would continue in the employ of defendant on identically the same terms provided in the written contract plus the payment of a bonus.

Defendant asserts, in support of its motion to dismiss the third and fourth causes of action, that the alleged oral arrange-

ments upon which plaintiff sues are unavailable to plaintiff because of subdivision 1 of section 33-c of the Personal Property Law, which provides: " 1. An executory agreement hereafter made shall be ineffective to change or modify, or to discharge in whole or in part, a written agreement or other written instrument hereafter executed which contains a provision to the effect that it cannot be changed orally, unless such executory agreement is in writing and signed by the party against whom enforcement of the change, modification or discharge is sought or by his agent."

Plaintiff, recognizing the force of the statute, argues that it is inapplicable to the arrangements set forth in the bill of particulars, which he characterizes as an abandonment rather than a change or modification of the written agreements. He contends that any contract may be cancelled by parol and the parties are then free to enter into any new oral agreement. Plaintiff relies on the case of *Schwartzreich* v. *Bauman-Basch, Inc.* (231 N. Y. 196). That case arose prior to the enactment of subdivision 1 of section 33-c of the Personal Property Law and in no way presented the question involved here. The question there as to the validity of the second contract was whether there was consideration for it, in view of the fact that the employee undertook only the same obligations under the second contract that he was obliged to perform for lesser compensation under the first contract. The Court of Appeals upheld a charge to the jury that if they found the old contract was cancelled and revoked by mutual consent, it was their duty to find that there was consideration for the making of the new contract. The court said (p. 205): " There is no reason that we can see why the parties to a contract may not come together and agree to cancel and rescind an existing contract, making a new one in its place. We are also of the opinion that reason and authority support the conclusion that both transactions can take place at the same time."

The question presented in this case is a very different one. It is not whether, as a matter of consideration, parties may cancel one contract and enter into another where the benefit of the change is unilateral. The question is whether subdivision 1 of section 33-c of the Personal Property Law, and the pains to which parties may go under its sanction to require changes in their contract relationship to be in writing, may be annulled simply by calling the change an abandonment of the contract containing the clause against oral change.

We cannot agree with plaintiff's contention that the clause in the contracts here was not as broad in its coverage as the statute permits, or that the parties failed to provide against an oral discharge of the agreements because they did not employ the word " discharge " in their language. We do not place our decision on that ground, however, and will assume that parties may by oral agreement abandon a written contract which incorporates a clause in accordance with the language of subdivision 1 of section 33-c of the Personal Property Law. The plain fact here, on the face of the bill of particulars, is that there was no abandonment of the written contracts in the sense that the engagement or enterprise was called off or abandoned, but in substance there was simply a change in the terms of an uninterrupted and continuing employment. Obviously the provision in the contracts prohibiting a change, alteration or amendment orally was intended to cover such a situation as is here presented, and the purpose and value of the statute would be nullified if it could be evaded by a play on words. The kind of oral arrangement which plaintiff alleges he made with defendant for successive years, setting aside written agreements just made and substituting oral agreements requiring nothing different or more from plaintiff but granting him increased compensation, makes his case suspect. The purpose of the statute is to enable parties to avoid the assertion of such claims and the prosecution of such actions by formally declaring that their written contract may not be orally changed.

Plaintiff makes the further argument that subdivision 1 of section 33-c of the Personal Property Law is not applicable to this case because by its terms only an executory oral agreement is rendered ineffective, while the oral agreements here have been executed in that he has fully performed the services required of him for each of the years in question. Without passing upon the circumstances under which execution of an agreement might take it out of the coverage of the statute, any execution which does so would have to be assignable to the alleged oral agreement, so that proof of performance would at least tend to establish the existence of such an agreement. But here plaintiff has done nothing in performance of the alleged oral agreements that he would not have done in performance of the written agreements. There is nothing in his performance which indicates that he was working under the alleged oral agreements rather than under the written agreements. The alleged execution of the agreements, therefore, is of no significance and, as the alleged oral agreements were ineffective

when made, we may only assume that plaintiff's employment was under the only valid agreements.

The order appealed from should be reversed and the motion to dismiss the third and fourth causes of action granted, with costs to appellant.

GLENNON, DORE, CALLAHAN and VAN VOORHIS, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted. [See *post,* p. 1056.]