AL GREEN, Appellant, v. DAVID D. DONIGER, a New York Corporation, Respondent.

Argued November 22, 1949; decided December 29, 1949.

*Stanley M. Riesner* and *Jacob M. Goldenkoff* for appellant.
I. The allegations of the complaint and bill of particulars that
the parties abandoned their written contracts and entered
into new oral agreements must be accepted as true on a motion

under rule 112 and every inference is in favor of the pleading. There is a distinction between abandonment and modification and it was error for the court below to find that the written contracts were modified. (*Rodgers* v. *Rodgers,* 235 N. Y. 408; *Rockart* v. *City of Mount Vernon,* 140 Misc. 270; *Schwartzreich* v. *Bauman-Basch, Inc.,* 231 N. Y. 196.) II. The intentions of the parties is determined by the contracts entered into between them and not by the provisions of subdivision 1 of section 33-c of the Personal Property Law. The procedure provided by plaintiff and defendant for the abandonment of their written contracts indicates that they did not intend subdivision 1 of section 33-c to apply in case of an abandonment of these contracts. Defendant may not now insist that the statute is applicable since any failure to follow the contractual procedure resulted entirely from defendant's own actions and statements. (*Imperator Realty Co.* v. *Tull,* 228 N. Y. 447; *Thomson* v. *Poor,* 147 N. Y. 402; *Harris* v. *Shorall,* 230 N. Y. 343.) III. Subdivision 1 of section 33-c of the Personal Property Law, by its terms, applies only to oral executory agreements. Plaintiff has fully performed the oral agreements upon which he bases his claim and it only remains for defendant to pay the amounts due. To dismiss the complaint not only contravenes the language of the statute but enables defendant to profit by its own wrong. (*Harris* v. *Shorall,* 230 N. Y. 343.)

*Milton E. Haft* and *Louis Niden* for respondent. I. A written agreement with a provision to the effect that it cannot be changed except in writing is a requirement for coverage under subdivision 1 of section 33-c of the Personal Property Law. Each written agreement herein contains such a provision. The statute directs that an oral change, modification or discharge shall be ineffective. Therefore a cause of action for the breach of such oral agreement is not maintainable and a dismissal was proper. II. It was the court's inherent function to arrive at an independent conclusion of law based on uncontroverted facts. The court committed no error in concluding from such facts that the oral agreement modified the written contract. (*Red Robin Stores* v. *Rose,* 84 N. Y. S. 2d 685; *Willey* v. *Cameron, Michel & Co.,* 217 App. Div. 651; *Siegel* v. *Goodman,* 186 Misc. 108.) III. The statute applies to a discharge or modification of a

written contract. Appellant contends that the statute does not apply to an abandonment of a contract. This lacks merit because the words abandonment and discharge are equivalent. (*Schwartzreich* v. *Bauman-Basch, Inc.*, 231 N. Y. 196; *Coletti* v. *Knox Hat Co.*, 252 N. Y. 468; *Rodgers* v. *Rodgers*, 235 N. Y. 408; *McCreery* v. *Day*, 119 N. Y. 1; *Rockart* v. *City of Mount Vernon*, 140 Misc. 270; *Spirit* v. *Black Diamond Furniture Works*, 137 Misc. 398.) IV. Appellant contends that as his contract was executed, subdivision 1 of section 33-c is not applicable. This contention lacks merit because the oral contract was executory when made. V. Appellant contends that it was not the intent of the parties that subdivision 1 of section 33-c should apply to their agreement. This contention lacks merit.

LEWIS, J. Upon this appeal our inquiry goes to the legal sufficiency of two of the several causes of action alleged in the complaint.

As the case comes to us on appeal from a judgment on the pleadings, we accept as true not only the material allegations of fact contained in the complaint (*Nevins, Inc.*, v. *Kasmach*, 279 N. Y. 323, 325), but also those contained in the bill of particulars. (*May Metropolitan Corp.* v. *May Oil Burner Corp.*, 290 N. Y. 260, 266–267; *Richardson* v. *Gregory*, 219 App. Div. 211, 212, affd. 245 N. Y. 540; *Forsbrey* v. *Pulp & Paper Trading Co.*, 273 App. Div. 770, affd. 297 N. Y. 984.)

Although the complaint states four causes of action we are concerned with only the third and fourth, which were dismissed at the Appellate Division as legally insufficient.

The plaintiff — a traveling salesman, who was employed from 1939 through 1946 by defendant corporation — brings this action to recover commissions and bonuses allegedly due for that period and unpaid. The two causes of action here involved are generally similar, except for the sum demanded, and except that the third cause pertains to the calendar year 1945, and the fourth cause pertains to the calendar year 1946. The facts material to each cause, as alleged in the complaint and amplified in the bill of particulars, are as follows:

With respect to the third cause of action, it is alleged that on January 1, 1945, the parties entered into an oral contract of

employment whereby plaintiff was to work for one year for defendant exclusively, as a salesman in an assigned territory on a fixed salary and expense account. In addition the parties agreed upon a schedule of bonus payments, scaled according to the volume of sales made by plaintiff, the details of which need not concern us.

On March 7, 1945, " on defendant's insistence " the parties entered into a written contract which superseded the oral contract for the calendar year 1945, and incorporated substantially the same terms of employment except that bonus provisions were excluded. Important to our inquiry is the fact that this written contract concludes with the provision: " This constitutes the entire agreement and understanding between us and *it may be terminated by either of us at any time upon thirty (30) days written notice to the other; and it shall not be considered modified, altered, changed or amended in any respect unless in writing and signed by both of us."* (Emphasis supplied.)

A related item in the bill of particulars gives us the following facts: " Thereafter, and on or about April 7th, 1945, the plaintiff informed the defendant that he intended to terminate the said written contract of March 7th, 1945 pursuant to the termination clause contained therein. *Thereupon defendant stated to plaintiff that it would be unnecessary for him to terminate the written contract pursuant to said clause and that the defendant would agree to abandon the contract of March 7th, 1945 and it would be of no force and effect and that plaintiff was to continue in the employ of the defendant under the terms and condition of the said oral contract of January 1st, 1945."* (Emphasis supplied.)

Under this arrangement the plaintiff continued in defendant's employ through the year 1945.

The fourth cause of action alleges a written agreement made on January 2, 1946, for the calendar year 1946, containing the same terms as the prior written contract mentioned above. As in the prior written contract, the bonus provision was lacking. There was included, however, the same provision as to the exclusiveness of the agreement and the reservation by either party of the right to terminate the contract by giving a thirty-day written notice of such intention.

A related item in the bill of particulars states the following additional facts which bear upon the fourth cause of action: " Thereafter and on or about the early part of February, 1946 the plaintiff informed the defendant that he intended to terminate the said written contract of January 2nd, 1946 pursuant to the termination clause contained therein. *Thereupon defendant stated to plaintiff that it would be unnecessary for him to terminate said contract pursuant to said clause and that defendant would agree to abandon the contract of January 2nd, 1946 and said contract was abandoned and without force and effect and that plaintiff was to continue in the employ of the defendant* * * *.''* (Emphasis supplied.) The terms of such continued employment — under the oral agreement — were to be substantially identical to those of the written contract except that a bonus provision, identical to that contained in the oral contract for the previous year, was added.

It is also alleged in the complaint that defendant paid plaintiff bonuses of $3,500 for 1945 and $2,500 for 1946 under the oral contracts. These amounts are deducted from the total bonuses allegedly due, in computing the sums demanded by way of relief.

The major issue for our determination is the effect of subdivision 1 of section 33-c of the Personal Property Law on plaintiff's right to recover. That statute provides: " 1. An executory agreement hereafter made shall be ineffective to change or modify, or to discharge in whole or in part, a written agreement or other written instrument hereafter executed which contains a provision to the effect that it cannot be changed orally, unless such executory agreement is in writing and signed by the party against whom enforcement of the change, modification or discharge is sought or by his agent.''

At Special Term the court held subdivision 1 of section 33-c not applicable on the ground that the gravamen of the third and fourth causes of action is abandonment, rather than modification or discharge, of the written contracts. The motion for their dismissal was accordingly denied.

The Appellate Division ruled that the transaction did not involve an abandonment but a mere change in the written contracts to the extent only of increasing plaintiff's compensation

for the same services. Upon this premise, it was held that the clause in the written contracts prohibiting oral change made subdivision 1 of section 33-c applicable and therefore that the third and fourth causes of action were not legally sufficient. Accordingly judgment on the pleadings was granted.

The phraseology of the written contracts here involved — which forbids oral modification, alteration, change or amendment — appears on first reading to be such as to invite the protection afforded by subdivision 1 of section 33-c. In other words there appears in each of the written contracts — to borrow from the statute — " a provision to the effect that it cannot be changed orally ". The language of the statute suggests that, once its protection is invoked, there can be no oral, executory agreement to change or modify, or to discharge in whole or in part, the written contract. Accordingly, without more, subdivision 1 of section 33-c, if applicable to these contracts, would defeat this plaintiff's right to recovery under the alleged oral agreements.

However, it will be noted that, in formulating procedure for their contractual relations, the parties set up a method of their own for terminating the written contracts, which we regard as inconsistent with the statute. Each written contract specifically provides that " * * * it may be terminated by either of us at any time upon thirty (30) days written notice to the other " — and accordingly without the signature or, indeed, the consent of the other party. This provision is the keystone of plaintiff's position, viz., that the parties did not intend subdivision 1 of section 33-c to apply, at least with respect to the discharge or termination of the written contracts, and that the parties were free to abandon them by mutual, oral consent.

The statutory clause, which when inserted in a contract subjects it to the control of subdivision 1 of section 33-c, is a simple clause prohibiting oral change. The effect of the statute, however, is broader than that. Not only is oral change prohibited, but there may be no change, modification, or discharge, in whole or in part, without a writing signed by the party to be charged. Whether the statute shall apply to a given contract depends upon the intent of the parties as expressed by the inclusion or exclusion, in some form, of the statutory clause prohibiting oral change. In the present case such a clause in the

written contracts evidences the intent of the parties that the statute shall have at least a limited application. The scope of that application, however, appears to be intentionally limited to modifications or changes to the exclusion of discharges, since the parties have set up their own less formal procedure for discharge or termination.

It is fundamental that a contract must be construed according to the expressed intent of the parties. To hold as a matter of law — as the Appellate Division has done — that, despite their expressed intent to the contrary, the parties hereto could not abandon or terminate their contracts without conforming to subdivision 1 of section 33-c, would, in our view, involve too narrow a construction of that statute as applied to the contracts before us.

Having reached such a conclusion, we examine the termination provisions of those agreements and the actual transactions in the light of the general law of contracts. As we have seen, the contracts provided that they might be terminated by either party upon a thirty days' written notice to the other. The bill of particulars — which we must accept at its face value — also alleges a statement by the defendant to plaintiff that " * * * it would be unnecessary for him to terminate said contract pursuant to said clause * * * " and that, as between the parties, the contracts of 1945 and 1946 were " * * * abandoned and without force and effect ".

Whatever may be the requirements for the termination of the contract by one party — in this instance thirty days' written notice — an abandonment of a contract not under seal by mutual consent has always been considered effective to discharge its obligations (*Rodgers* v. *Rodgers*, 235 N. Y. 408, 410), even when a new contract containing one or more of the same terms is simultaneously entered into. (*Schwartzreich* v. *Bauman-Basch, Inc.*, 231 N. Y. 196, 205.) The problem of whether there was actually a waiver of the notice and a mutual consent to the abandonment involves questions of fact which should be tried before a jury.

The Appellate Division — proceeding upon the theory that there was actually an oral modification of each of the written contracts, rather than an abandonment — has taken the following position: " We cannot agree with plaintiff's contention that

the clause in the contracts here was not as broad in its coverage as the statute permits, or that the parties failed to provide against an oral discharge of the agreements because they did not employ the word ' discharge ' in their language. We do not place our decision on that ground, however, and will assume that parties may by oral agreement abandon a written contract which incorporates a clause in accordance with the language of subdivision 1 of section 33-c of the Personal Property Law. *The plain fact here, on the face of the bill of particulars, is that there was no abandonment of the written contracts in the sense that the engagement or enterprise was called off or abandoned, but in substance there was simply a change in the terms of an uninterrupted and continuing employment."* (Emphasis supplied.) (274 App. Div. 476, 479.)

Limited, as we are, to the allegations of the complaint and the bill of particulars, and lacking power to '' speculate in regard to matters not contained therein '' (*Miller* v. *Vanderlip,* 285 N. Y. 116, 120) we cannot agree with the italicized ruling last quoted above, which we regard as a finding on decisive facts, properly the subject of proof upon a trial.

It may well be that a factual basis exists for the following statement in the Appellate Division opinion (p. 479) : '' * * * The kind of oral arrangement which plaintiff alleges he made with defendant for successive years, setting aside written agreements just made and substituting oral agreements requiring nothing different or more from plaintiff but granting him increased compensation, makes his case suspect.''

However, we are convinced that such a conclusion as there drawn is also within the province of a jury, and not that of the courts on a motion to dismiss upon the pleadings.

The judgment of the Appellate Division should be reversed, and the order of Special Term affirmed, with costs in this court and in the Appellate Division.

FULD, J. (dissenting). The legislative purpose and design in enacting subdivision 1 of section 33-c of the Personal Property Law are frustrated, I very much fear, if we sustain the position taken by plaintiff-appellant.

The contract between the parties explicitly recited that it was the entire agreement between them and that '' it shall

not be considered modified, altered, changed or amended in any respect unless in writing ''. To hold that one party may accomplish a change in the amount of compensation to be paid to him under a written contract containing such a clause by the simple expedient and device of calling the change an abandonment, would be to annul the statute and render its operation nugatory. I believe that Presiding Justice PECK stated the matter exceedingly well when he wrote for a unanimous Appellate Division: '' The plain fact here, on the face of the bill of particulars, is that there was no abandonment of the written contracts * * *. Obviously the provision in the contracts prohibiting a change, alteration or amendment orally was intended to cover such a situation as is here presented, and the purpose and value of the statute would be nullified if it could be evaded by a play on words. The kind of oral arrangement which plaintiff alleges he made with defendant for successive years, setting aside written agreements just made and substituting oral agreements requiring nothing different or more from plaintiff but granting him increased compensation, makes his case suspect. The purpose of the statute is to enable parties to avoid the assertion of such claims and the prosecution of such actions by formally declaring that their written contract may not be orally changed.'' (274 App. Div. 476, 479.)

I would affirm the order of the Appellate Division, with costs.

LOUGHRAN, Ch. J., CONWAY and DYE, JJ., concur with LEWIS, J.; FULD, J., dissents in opinion in which DESMOND and BROMLEY, JJ., concur.

Judgment accordingly.