In the Matter of the Arbitration between ARRANBEE DOLL COMPANY, INC., Appellant, and MODEL PLASTIC CORPORATION, Respondent.

Appeal from an order of the Supreme Court at Special Term, entered February 26, 1953, in New York County, which denied a motion by petitioner for an order staying arbitration between the parties as to certain issues listed in respondent's demand for arbitration.

Order affirmed, with $20 costs and disbursements to the respondent.

BREITEL, J. (dissenting in part). Special Term denied a motion to stay arbitration with regard to two items included in a demand for arbitration.

Petitioner, a doll company, had, in association with two other doll companies, entered into a written agreement with respondent, the Model Plastic Corporation. The latter was an enterprise set up by and managed by the three doll companies to provide plastic parts for dolls and toys to be manufactured or assembled by the doll companies. That agreement provided that the Plastic Corporation should provide the requirements of each of the doll companies up to one third of the monthly potential output, production and facilities of the Plastic Corporation. The agreement contained a broad arbitration clause. It also contained a provision that "None of the provisions hereof may be altered, amended or modified except by written consent of all the parties." There was a written modification in 1950, not involved in this appeal.

Involved on this motion to stay the arbitration is the demand to submit to arbitration two questions among others:

"1. The alleged failure of petitioner to prepay the sum of Thirty-Five Thousand ($35,000) Dollars to respondent to be applied against petitioner's future purchases of toy parts during the year 1953;

"2. The alleged failure and refusal of petitioner to order its requirements of toy parts from respondent".

There is no question that Special Term was correct in permitting the arbitration of the second of the two items. The provision in the agreement requiring the Plastic Corporation to undertake to provide the requirements up to a limit of the doll companies may involve, as a matter of interpretation, a correlative obligation on the part of the doll companies to purchase their requirements from the Plastic Corporation. That is properly a question for the arbitration.

It is with respect to the first of the above two items that we believe that Special Term was in error in permitting the subject to receive consideration by the arbitrator.

That item, concededly, depends upon a meeting among the representatives of the doll companies and the Plastic Corporation at which it was orally agreed that each of the doll companies would advance to the Plastic Corporation by prepayment of future purchases the sum of $35,000. It is claimed that the petitioner failed and refused to make such prepayment. There is no question that the claim for the prepayment by the Plastic Corporation depends solely upon an alleged oral modification of the written agreement made subsequently to the execution of the writing.

The oral modification is unenforcible as a matter of law. It is, therefore, not submissible to the arbitrators. The written agreement forbade any oral modification. Consequently by the statute law of this State, any attempted oral modification is invalid. It may not be sustained on any theory of waiver or estoppel, the purpose of the statute being to permit parties to make their agreements exclusively in writing. Section 33-c of the Personal Property Law provided at the time (1946) of the making of this written agreement as follows: "1. An executory agreement hereafter made shall be ineffective to change or modify, or to discharge in whole or in part, a written agreement or other written instrument hereafter executed which contains a provision to the effect that it cannot be changed orally, unless such executory agreement is in writing and signed by the party against whom enforcement of the change, modification or discharge is sought or by his agent."

The case of *Green* v. *Doniger* (300 N. Y. 238), does not impair the application of the statute to the facts in this case. That is because in the *Green* case the Court of Appeals made its determination on the distinction that the parties had abandoned the written agreement and made a new one. In this case there is no question but that merely a modification is claimed. It is interesting to note that in 1952 the Legislature amended section 33-c of the Personal Property Law to avert the effects of the rule in *Green* v. *Doniger* (*supra*), thus indicating a strong policy in favor of the right of contracting parties who have entered into a written agreement to eliminate oral changes in their relations (L. 1952, ch. 831; N. Y. Legis. Doc., 1952, No. 65 [E]). Consequently the first of the above items, as a matter of law, was not submissible to arbitration as a part of the written agreement which provided for arbitration.

*Matter of Intercontinent Corp.* (*Curtiss-Wright*) (296 N. Y. 916), relied on by Special Term and cited by respondent, is neither applicable nor controlling. The agreement in that case did not contain a provision that the agreement could not be modified except in writing. Thus, section 33-c of the Personal Property Law was not applicable.

Accordingly, the order of Special Term, insofar as it denied the motion to stay arbitration with regard to the afore-mentioned items, should be modified by granting the stay with respect to the item of the prepayment of the $35,000 by the petitioner Doll Company to the respondent Plastic Corporation, and should otherwise be affirmed.

Glennon, Cohn and Callahan, JJ., concur, in decision; Breitel, J., dissents in part in opinion in which Peck, P. J., concurs.

Order affirmed, with $20 costs and disbursements to the respondent. No opinion.