Henby Epstein, J.
Plaintiffs seek to enjoin defendants from using the name Elfreda Corp. or any similar name. Defendants by counterclaim seek like injunctive relief against plaintiffs. On May 4, 1956 the individuals Visioni and Benjamin Shaw executed and acknowledged a certificate for dissolution of the corporation then Imown as Elfreda Inc. pursuant to a resolution duly adopted by the stockholders thereof. All the voting stock of Elfreda Inc, was then owned by Shaw-Visioni Inc. which was in turn owned and controlled by the same individuals. ShawVisioni Inc. was created in April, 1946 under the name Elfreda Corp. In 1949 the name Elfreda Corp, was changed to ShawVisioni Inc. and a new corporation, Elfreda Inc., was created. In July, 1951 Shaw-Visioni Inc, was changed to Elfreda-Fox Inc., and Elfreda Inc. was changed to Elfreda Corp.
These rapid face changes continued: In October, 1951 Elfreda-Fox Inc, became V. S. F. Inc. and Elfreda Corp. became Elfreda-Fox Inc. Again in March, 1952 V. S. F. became ElfredaFox Inc. and Elfreda-Fox Inc. became F, S. V. Inc. In September, 1952 F. S. V, Inc, was dissolved. In April, 1954 ElfredaFox Inc, (originally incorporated as Elfreda Corp. in April, 1946) was changed to Shaw-Visioni Inc, and a new Elfreda Inc. was incorporated. From April, 1954 to May, 1956 the only two entities in which the principals (of this case) were involved were Shaw-Visioni Inc. (created in 1946) and Elfreda Inc. (created in April, 1954). The dissolution certificates of these last two corporations were executed May 4, 1956. In the interest of the fullest background of factual history, the court received in evidence the certificate of incorporation of Elfreda Inc,, filed in 1937, and certificate of dissolution filed November, 1941. The court also received, over objection, for like reason, the defend *195 ant Shaw’s reservation of the name “ Elfreda The last such agreement was April 1, 1951. All this is background for what followed.
The agreement dated September 15, 1955 entered into, among others, by plaintiff Visioni and defendant Benjamin Shaw, contains the following Paragraph “ Tenth”:
“ Tenth : This agreement contains the sole and entire agreement between the parties. The parties acknowledge and agree that none of them has made any representation with respect to the subject matter of this agreement or any representations inducing the execution and delivery hereof, except such representations as are specifically set forth herein and each of the parties hereto acknowledge that he, she or it has relied on his, her or its own judgment in entering into the same.
“ The parties hereto further acknowledge that any statements or representations that may have heretofore been made by any of them to any other are void and of no effect and that none of them has relied thereon in connection with his, her or its dealings with the others.” (Emphasis supplied.)
This provision was drawn by counsel for defendant Shaw (his own brother) who represented all parties, including present plaintiffs and defendants, and who acted as defendants’ trial counsel in the present case. Whatever may have been in prior agreements relating to the reservation of the name ‘1 Elfreda ’ ’ to Shaw, they no longer had any force. (Green v. Doniger, 300 N. Y. 238; Waters, Inc. v. March, 240 App. Div. 120.) Beginning May 4, 1956 the process of liquidating the assets of ShawVisioni Inc. and Elfreda Inc. became the only remaining business.
Plaintiff Visioni purchased the assets, assumed the obligations and also the lease of Elfreda Inc. as of May 21,1956. This sale included samples and patterns for the “ entire new Fall line ”. Four days later (May 25, 1956) Visioni filed the necessary papers for Elfreda-Visioni Corp. in Albany; had the said name prominently placed on the doors and bulletin board of the place of business. On May 29, 1956 defendant Shaw organized the corporation Ben Shaw Inc. He was not then actively engaged in business. Due to the necessity of having certain tax and other details set right, the formal dissolution papers of Shaw-Visioni Inc. and Elfreda Inc. were not refiled until December, 1956. At the same time that these dissolution papers were ultimately filed in Albany (Dec., 1956) the Ben Shaw Inc. corporation changed its name to “ Elfreda Corp.” by filing a certificate to that effect. This same certificate of name change was executed in November, 1956, but not filed until the dissolu *196 tion papers were finally sent to Albany for Shaw-Visioni Inc. and Elfreda Inc. Defendant Shaw’s brother (trial counsel) was acting as counsel for Shaw during this time. Meanwhile plaintiff Visioni had proceeded to make known to the dress trade his use of the name, his purchase of the business and his intention to continue to serve the trade. Under all the facts revealed, defendant Shaw cannot be said to conform to the “ clean hands ” standard, violation of which he attributes to plaintiff Visioni who had paid $40,100 for the lease, merchandise and perquisites of the business.
The witness Philip Scharf, a certified public accountant who had worked for the Elfreda firms from their inception, testified to a conference on August 14, 1956, at which it was agreed between Shaw and Visioni that neither one should use the name Elfreda alone, but its use would only be when connected with another name. Visioni alone has shown good faith in this respect. Scharf was defendant Shaw’s witness. The court was not impressed with the testimony of defendant Shaw. After May 4, 1956 neither Elfreda Inc. nor Shaw-Visioni could do any business apart from liquidation. That was the agreement. The word “ Elfreda ” did not pass to defendant and the use of it in the corporate name to which Ben Shaw Inc. changed, does not strike this court as an act of decent business or good faith.
Since defendants did no business under the name and style of Elfreda and sold no merchandise by such trade name or mark, no accounting is necessary. Judgment is for plaintiff enjoining defendants from using the name Elfreda or any like or similar name in its business, together with costs of this action.