Maximilian Moss, S.
The petitioner herein is a remainder-man of a trust created under testator’s will. He seeks to compel the surviving executor and trustee under testator’s will and the legal representatives of a deceased executor and trustee to account fully for the assets of testator’s estate including the testamentary trusts created under the will. The petitioner further prays that the decrees settling intermediate accounts of the executors and trustees be vacated and set aside and that receipts and releases executed on a statement of account submitted by the then surviving executors and trustees purporting to be a final account of their proceedings as executors and trustees be set aside and declared null and void.
Testator died in 1914. By his will he created a trust for the benefit of his widow for her life and on her death, one half of the corpus of such residuary trust was to be continued in trust for the benefit of one of his daughters during her life with remainder on her death to the life beneficiary’s then surviving children and the descendants of predeceased children, if any, per stirpes. The daughter died in 1944 and the then surviving executors and trustees submitted a statement of account to the remaindermen, of whom the petitioner herein was one, and obtained receipts and releases from them, which were recorded.
The basis of petitioner’s position is that the intermediate accounts rendered by the executors and trustees failed to set forth all of the assets of the estate for which they were accountable ; that the statements in said accounts that they contained a statement of all facts affecting the rights of the executors and trustees and the interested parties were deliberately false and untrue in that they failed to disclose that stock of a corporation owned by testator was purchased by one of the executors and trustees and by a corporation controlled by him; that such acts constituted self-dealing; that said accounts failed to make a full and complete disclosure of such transactions and that the decrees settling such accounts were obtained by actual and intentional fraud. The petition further alleges that the waivers, *69 general releases and ratification of the statement of account at the time of distribution to the remaindermen after the termination of the trust were secured through actual and intentional fraud.
The surviving executor and trustee and the legal representative of a deceased trustee filed an answer denying the material allegations of the petition and pleading affirmative defenses. The answer pleads among other defenses the Statute of Limitations; that in two of the proceedings to settle intermediate accounts the petitioner was represented by special guardians, he then being an infant, that the special guardians approved the accounts and the making of decrees judicially settling them; and that at the time of the submission of the statement of final account of the executors and trustees and the execution of the receipt and release the petitioner consulted and was advised by counsel prior to the execution and delivery of the receipt and release; and that the decrees settling the accounts and the receipt and release are binding and conclusive against the petitioner.
The surviving executor and trustee and the legal representative of a deceased executor and trustee now move to dismiss the petition. In support of the motion an affidavit of the surviving executor and trustee was submitted setting forth that the infants in the proceedings to settle the intermediate accounts were represented by special guardians, who fully inquired into all of the transactions and circumstances of each account; that they were discussed by him with the special guardians; that at the time of the submission of the statement of final account and the execution of the receipt and release the petitioner was represented by counsel and that the transactions of which petitioner now complains were touched upon. The affidavit further states that petitioner has had ample opportunity to inquire into the affairs of the estate and that to nullify the effect of the decrees at this time would prejudice ability of the respondent surviving executor and trustee to adduce independent evidence of his defenses by reason of the deaths of the special guardians and other interested parties.
The attorney for the petitioner has submitted an affidavit in opposition to the motion averring that it does not state the section of the Civil Practice Act under which it is made, and that in any event a motion for summary judgment or to dismiss the petition must be denied where issues of fact are raised. His affidavit and one by the petitioner, also submitted in opposition, attack statements in the affidavit in support of the motion.
*70 In a motion for judgment on the pleadings the pleadings must be liberally construed and the allegations of the petition must be deemed to be true. Under rule 112 of the Rules of Civil Practice every inference must be made in favor of the petition or complaint (Green v. Doniger, 300 N. Y. 238, 241). If a pleading is challenged for legal insufficiency it must be construed broadly and liberally and every intendment and fair inference resolved in its favor (Greeley v. Rockaway Point Development Corp., 216 N. Y. S. 2d 245). In a motion for summary judgment or one to dismiss the complaint or petition, the motion must be denied if issues of fact are clearly raised by the pleadings.
The motion to dismiss the petition, falling within any one of the procedural categories mentioned herein, must be denied inasmuch as issues have been raised which cannot be determined without a trial.